STATE OF LOUISIANA                *        NO. 2019-KA-0208

VERSUS                            *        COURT OF APPEAL

JONTERRY A. BERNARD               *        FOURTH CIRCUIT

                                  *        STATE OF LOUISIAN

                                  *

                                  *
                          * * * * * * *


**BROWN, J., CONCURS WITH REASONS**.

I write separately to further address the admission of the two jail recordings

after the State's late disclosure of the recordings.  In *State v. Hartford*, 14-0643,

pp. 19-20 (La. App. 4 Cir. 3/18/15), 162 So.3d 1202, 1213, this Court explained

that the harmless error analysis applies:

> [E]ven if the failure to provide the recorded telephone calls
> prior to trial was a discovery violation and the calls were erroneously
> admitted at trial, the trial court's ruling is subject to a harmless error
> analysis. *State v. Hugle*, 11-1121, p. 19 (La. App. 4 Cir. 11/7/12), 104
> So.3d 598, 613, *writ denied*, 12-2721 (La. 6/14/13), 118 So.3d 1079,
> citing *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d
> 705 (1967); *State v. Walker*, 99-2868, p. 8 (La. App. 4 Cir. 10/18/00),
> 772 So.2d 218, 223. The test for determining harmless error is
> "whether the guilty verdict actually rendered in this trial was surely
> unattributable to the error." *Sullivan v. Louisiana*, 508 U.S. 275, 279,
> 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993).

Applying the harmless error analysis to the case *sub judice*, sufficient evidence was

presented, without admission of the two jail recordings, to prove that Mr. Bernard

was guilty of attempted second degree murder of both victims.  Most pertinently,

both victims positively identified Mr. Bernard as the shooter soon after the

shooting occurred, as well as in open court at trial.  Accordingly, I conclude that

the admission of the two jail recordings, if erroneous, was surely unattributable to

the verdict.